# Krier's Private Road.

1. The Act of April 21st 1846, vacating private roads by prescription, is
constitutional..

2. Roads by prescription rest upon uninterrupted adverse user for twenty-one
years, in analogy to the Statute of Limitations and not on the fiction of a grant.

3. An owner divided his land into lots and laid out a road for their use;
the road was used for more than twenty-one years by an adjoining owner; all
the lots afterwards vested in one person, upon whose petition the road was
vacated under the Act of 1846.   Held, that the adjoiner had no easement se-
cured by grant taken from him, it was one originating in a wrongful use of
another's land.

4. Stuber's Road, 4 Casey 199, recognised and followed.

January 20th 1873.   Before READ, C. J., AGNEW, WILLIAMS
and MERCUR, JJ.   SHARSWOOD, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Montgomery
county*: No. 114, to July Term 1872.

On the 18th of May 1871, the following petition was presented
to the Court of Quarter Sessions of Montgomery county: *   *   *

"That many years ago a private way or road one perch in
width, was reserved and laid out by the then owner of the land,
for the use of certain lots into which he divided said land, which
said way and lots were situated in the township of Moreland, in
said county.   That said way or private road was over the land
now of your petitioner, Ann Krier, and along the line of her
lands, and the line of land now of Robert Wamsley and James
Neal, in said township of Moreland, and led from the public
road leading from the Second street turnpike road to the old
McDowell paper-mill, over what is now the land of your peti-
tioner, Ann Krier, to the lots of ground which were in the rear
of those fronting on said road.   That the said Ann Krier has
now become the owner of all of the said lots, for the use of which,
said way or private road was laid out, whereby the said way
or private road has merged, but that James Neal, and perhaps

[Krier's Private Road.]

others who own land adjoining the land of the said Ann Krier, by reason of having used the said way or private road for twenty-one years and upwards, claim that the same exists by prescription or lapse of time, and which claim your petitioner is unable to gainsay."

The prayer was for a jury to view and vacate the road.

It was signed by *Ann Krier* and a number of other persons.

Viewers were appointed in accordance with the petition, who reported, August 21st 1871, that the road ought to be vacated, and on the same day the report was confirmed nisi.

On the 13th of November, "Exceptions by James Neal, a land owner, who owns a right over said private way," were filed.

The exceptions were:

1. The Act of Assembly of April 21st 1846, under which the jury was appointed, is unconstitutional and void, as it takes away an acquired right without compensation to the owner.

2. The vacating of said road would almost wholly deprive the exceptant from the use of a portion of his property, and without this road a large part of his land would be valueless, as he would have to expend more money in building a bridge than his land would realize.

3. The only person to be benefited by the vacation of this road, would be Ann Krier, whose predecessor in the title owned all the land of the petitioner for the road and your exceptant, and he laid out and gave this road for the use of all said landowners.

On the 20th of May 1872, the exceptions were dismissed by the court (Ross, P. J.), and the report confirmed. Neal removed the record to the Supreme Court by certiorari, and assigned the dismissal of the exceptions and confirmation of the report for error.

*C. Hunsicker*, for certiorari, argued that the Act of April 21st 1846, sect. 1, Pamph. L. 416, 2 Br. Purd. 1277, pl. 35, relating to vacating private roads existing by prescription, is unconstitutional. He cited Worrall *v.* Rhoads, 2 Wharton 427; Reimer *v.* Stuber, 8 Harris 459; Wheately *v.* Chrisman, 12 Harris 298; Reading R. R. *v.* City, 11 Wright 325; Sharpless *v.* Philadelphia, 9 Harris 167; Pittsburg *v.* Scott, 1 Barr 309; Lambertson *v.* Hogan, 2 Id. 24; Rodgers *v.* Smith, 6 Id. 101; McMichael *v.* Skilton, 1 Harris 217; Schafer *v.* Enue, 4 P. F. Smith 304; Alter's Appeal, 17 Id. 341; Brown *v.* Hummel, 6 Barr 86; Richards *v.* Rote, 18 P. F. Smith 248; Pratt *v.* Eby, 17 Id. 396; Palairet's Appeal, Id. 479; Baggs's Appeal, 7 Wright 512.

*B. E. Chain*, contrà, cited Stuber's Road, 4 Casey 199; Heckman's Case, 4 Harrington 580; Fletcher *v.* Peck, 6 Cranch 136; Dartmouth College Case, 4 Wheaton 629; Aspinwall *v.* Commissioners of Davies Co., 22 Howard 377.

[Krier's Private Road.]

The judgment of the court was pronounced January 30th 1873.

PER CURIAM.—This private road, one perch in width, was laid out by the then owner of the land, for the use of certain lots into which he divided said land. The said private road was over the land now of the petitioner, Ann Krier, and led from a public road over what is now the land of the said Ann Krier, to the said lots of ground, which were in the rear of those fronting on the said public road. The petitioner had become the owner of all of the said lots, for the use of which said private road was laid out, whereby the said private road had merged and had become extinguished.

James Neal's land adjoined this private road, and although this private road was not laid out for his use, or that of the prior owners of his land, he by reason of having used the said private road for twenty-one years, and upwards, claimed that it existed by prescription, or lapse of time, which the said Ann Krier did not deny.

The viewers appointed by the court reported, that the said private road had become useless, inconvenient and burdensome, and ought therefore to be vacated, which report was confirmed by the court from which decree this appeal is taken, and it was argued here and in the court below, that so much of the first section of the Act of 21st of April 1846 (Pamph. L. 416), as authorizes the Courts of Quarter Sessions to vacate private roads "existing by prescription or lapse of time" is unconstitutional.

In Stuber's Road, 4 Casey 199, this court held this power, thus conferred upon the Courts of Quarter Sessions, to be a constitutional and valid exercise of legislative authority.

This decision was made sixteen years ago, and, so far as we know, has been acquiesced in up to the present time, and it would require a clear conviction of its unsoundness to induce us to reverse it at this late period. It extends only to private roads existing by prescription or lapse of time, and not to private roads resting upon express grant, drawing a clear line between the two kinds of title. The latter title is founded upon contract, the former upon mere lapse of time, by an uninterrupted use of it for more than twenty-one years, by analogy to the Statute of Limitations. This is the true title to such an easement, and not the fiction of a grant which has sometimes been resorted to as a reason for such a right, gained only by prescription or by adverse user for a long period of time. We must therefore be governed by the former decision in the case before us. It is not intended in any way to affect vested rights, or to trench in any manner upon property protected by the Statute of Limitations.

James Neal has no land taken from him, nor any easement secured by grant or contract, and only loses an easement originating in a wrongful use of another person's land.

Proceedings affirmed.